UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

WILLIAM J. WEATHERHOLT, and     PLAINTIFFS
GAYLA J. WEATHERHOLT
8945 West County Road 150 N
Richland, Indiana   47634


v.     NO. 4:14-CV-<u>12-M</u>


COMMUNITY UNITED METHODIST
HOSPITAL, INC. d/b/a METHODIST
HOSPITAL
1305 North Elm Street
Henderson, Kentucky   42420

**SERVE:**    Bruce D. Begley
1305 North Elm Street
P.O. Box 48
Henderson, Kentucky   42420


and


ACCELECARE WOUND CENTERS, INC.
10900 NE Fourth Street, Suite 1900
Bellevue, Washington   98004

**SERVE:**    InCorp Services, Inc.
828 Lane Allen Road, Suite 219
Lexington, Kentucky   40504


## **COMPLAINT**

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiffs, William J. Weatherholt and Gayla J. Weatherholt, by counsel, state their claims for relief as follows:

## COUNT I

### Parties, Jurisdiction, and Venue

1. Plaintiff, William J. Weatherholt ("Bill"), is a citizen and resident of Richland, Spencer County, Indiana.

2. Plaintiff, Gayla J. Weatherholt ("Gayla"), is a citizen and resident of Richland, Spencer County, Indiana. Gayla is, and was at all times relevant herein, married to Bill.

3. Defendant, Community United Methodist Hospital, Inc. doing business as Methodist Hospital ("Methodist Hospital"), is a Kentucky corporation whose principal place of business is located in Henderson, Henderson County, Kentucky. Methodist Hospital has appointed the following to serve as its agent for service of process: Bruce D. Begley, 1305 North Elm Street, P.O. Box 48, Henderson, Kentucky, 42420.

4. Defendant, Accelecare Wound Centers, Inc. ("Accelecare"), is a Delaware corporation whose principal place of business is located in Bellevue, King County, Washington. Accelecare is authorized to conduct business in Kentucky and has appointed the following to serve as its agent in Kentucky for service of process: InCorp Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky, 40504.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as all of the events or omissions giving rise to Plaintiffs' claims occurred in Henderson County, Kentucky.

**Actionable Occurrence**

7.      Bill, a quadriplegic since 1970, presented to the Advanced Wound Healing Center at Methodist Hospital on December 14, 2012 to undergo a right ischial and coccyx sharp debridement of a pressure ulcer.

8.      Three staff members of the Advanced Wound Healing Center at Methodist Hospital transferred Bill from his wheelchair to a bed in a negligent manner, and, while so doing, they dropped Bill's left leg, over which he had no control, and fractured the left femoral head of his left hip.  The fracture cannot be reduced and healed.

9.      On December 10, 2013 Plaintiffs made and entered into an agreement with Defendants and Defendants' insurance carrier to extend the statute of limitations to February 15, 2014 with regard to any civil action Plaintiffs might bring against Defendants for the medical treatment provided on December 14, 2012.

**Apparent Authority or Ostensible Agency - Methodist Hospital**

10.     At all times relevant herein, Methodist Hospital held itself out to the public, including Bill and Gayla, as the operator of the Advanced Wound Healing Center.

11.     At all times relevant herein, Methodist Hospital held the staff members of the Advanced Wound Healing Center out to the public, including Bill and Gayla, as the agents or employees of the Methodist Hospital.  Methodist Hospital took no action to give Bill and Gayla notice otherwise, thus creating an apparent agency.  Said ostensible agents or employees of Methodist Hospital were acting within the course and scope of their agency or employment.

12.     Methodist Hospital, through its agents and employees, including the staff members of Methodist Hospital's Advanced Wound Healing Center, owed a duty to

exercise appropriate care and provide for the well-being of its patients, including Bill, and to promote their cure.

13. Bill justifiably relied upon the care and skill of Methodist Hospital's Advanced Wound Healing Center staff members who failed to exercise appropriate care in the transfer of Bill from his wheelchair to a bed.

14. The negligence of the staff members of Methodist Hospital's Advanced Wound Healing Center was a significant factor in causing Bill to suffer severe and permanent injuries; to endure, and to continue in the future to endure, physical and mental pain and anguish; and to incur, and to continue in the future to incur, medical and hospital expenses.  Said medical expenses are still accruing and exceed $75,500.00 to date.

15. Methodist Hospital is vicariously liable for the negligence of its ostensible or apparent agents or employees, which was a substantial factor in causing Bill's injuries and damages as set out herein.

SEE DEMANDS AT THE END OF ALL COUNTS.

## COUNT II

### Respondeat Superior - Methodist Hospital

16. All of the allegations in Count I are incorporated herein by reference.

17. At all times relevant herein, the staff members of the Advanced Wound Healing Center at Methodist Hospital involved in the negligent transfer of Bill from his wheelchair to a bed were actual agents or employees of Methodist Hospital, acting within the course and scope of their agency or employment.

18. Methodist Hospital is vicariously liable for the negligence of its actual agents or employees, which was a substantial factor in causing Bill's injuries and damages as set out herein.

SEE DEMANDS AT THE END OF ALL COUNTS.

## COUNT III

### Respondeat Superior - Accelecare

19. All of the allegations in Counts I and II are incorporated herein by reference.

20. At all times relevant herein, Accelecare operated or was responsible for operating the Advanced Wound Healing Center at Methodist Hospital.

21. At all times relevant herein, the staff members of the Advanced Wound Healing Center at Methodist Hospital involved in the negligent transfer of Bill from his wheelchair to a bed were actual employees or agents of Accelecare and were acting within the course and scope of their employment or agency.

22. Accelecare is vicariously liable for the negligence of its agents or employees, which was a substantial factor in causing Bill's injuries and damages as set out herein.

SEE DEMANDS AT THE END OF ALL COUNTS.

## COUNT IV

### Borrowed Servants - Accelecare

23. The allegations in Counts I, II, and III are incorporated herein by reference.

24. At all times relevant herein, the staff members of the Advanced Wound Healing Center at Methodist Hospital involved in the negligent transfer of Bill from his wheelchair to a bed were employees of Methodist Hospital.

25. At all times relevant herein, Accelecare borrowed said Methodist Hospital employees for the care and treatment of Bill in the Advanced Wound Healing Center at Methodist Hospital.

26. The staff members of the Advanced Wound at Methodist Hospital involved in the negligent transfer of Bill from his wheelchair to a bed were the borrowed servants of Accelecare and were acting within the course and scope of their borrowed employment.

27. Accelecare is vicariously liable for the negligence of its borrowed servants, which was a substantial factor in causing Bill's injuries and damages as set out herein.

SEE DEMANDS AT THE END OF ALL COUNTS.

## COUNT V

### Partnership - Methodist Hospital and Accelecare

28. All of the allegations in Counts I, II, III, and IV are incorporated herein by reference.

29. Methodist Hospital and Accelecare partnered with each other to create the Advanced Wound Healing Center to meet the growing need for diabetic wound care and wound care in general.

30. At all times relevant herein, the staff members of the Advanced Wound Healing Center at Methodist Hospital involved in the negligent transfer of Bill from his wheelchair to a bed were employees or agents of Methodist Hospital and Accelecare and were acting within the course and scope of their agency or employment.

31. Methodist Hospital and Accelecare are vicariously liable for the negligence of their agents or employees which was a substantial factor in causing Bill's injuries and damages as set out herein.

SEE DEMANDS AT THE END OF ALL COUNTS.

## COUNT VI

### Joint Venture - Methodist Hospital and Accelecare

32. All of the allegations in Counts I, II, III, IV, and V are incorporated herein by reference.

33. The Advanced Wound Healing Center at Methodist Hospital is a joint venture between Methodist Hospital and Accelecare.

34. At all times relevant herein, the staff members of the Advanced Wound Healing Center at Methodist Hospital involved in the negligent transfer of Bill from his wheelchair to a bed were employees or agents of the joint venture between Methodist Hospital and Accelecare and were acting within the course and scope of their agency or employment.

35. Methodist Hospital and Accelecare are vicariously liable for the negligence of the agents or employees of their joint venture which was a substantial factor in causing Bill's injuries and damages as set out herein.

SEE DEMANDS AT THE END OF ALL COUNTS.

## COUNT VII

### Loss of Consortium

36. All of the allegations in Counts I, II, III, IV, V, and VI are incorporated herein by reference.

37. As a result of the injuries sustained by Bill, Gayla has suffered and will continue in the future to suffer damages for the loss of affection, consortium, aid, comfort, society, companionship, and services of her husband Bill.

WHEREFORE, Plaintiff, William J. Weatherholt, demands judgment against Defendants, Community United Methodist Hospital d/b/a Methodist Hospital and Accelecare Wound Centers, Inc., in an amount reasonable amount to compensate him for his damages set out previously in this Complaint.

WHEREFORE, Plaintiff, Gayla J. Weatherholt, demands judgment against Defendants, Community United Methodist Hospital d/b/a Methodist Hospital and Accelecare Wound Centers, Inc., in an amount reasonable amount to compensate her for her damages set out previously in this Complaint.

Plaintiffs demand a trial by jury, their costs herein expended, and any and all other general or special relief to which it may appear to the Court Plaintiffs are entitled.

> Elizabeth Vaughn
> Attorney at Law
> 103 North Main Street
> Henderson, Kentucky 42420-3101
> (270) 827-4220 / (270) 827-4215 (fax)
> elonvon@hotmail.com
>
> and
>
> MOORE, MALONE & SAFREED
> 104 East Fourth Street
> P.O. Box 549
> Owensboro, Kentucky 42302-0549
> (270) 683-4513 / (270) 683-4565 (fax)
> cemoore@moorelaw.org
>
> By _____s/ Charles E. Moore_____
>       Charles E. Moore
>
> ATTORNEYS FOR PLAINTIFFS